# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL SANTURE,**

      **Plaintiff,**                        **CIVIL ACTION NO. 12-CV-15680**

    vs.                               **DISTRICT JUDGE DENISE PAGE HOOD**

**DANIEL HEYNS, DEBRA SCUTT,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**DAVE HAHN, KIMMY ROBINSON,**
**J. POTTER, AND JOHN DOES,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The Court should deny Plaintiff's motion for class certification. (Docket no. 3).

**II.**    **REPORT**:

This matter comes before the Court on Plaintiff's motion for class certification. (Docket no. 3). No responses have been filed to the motion. All pretrial matters have been referred to the undersigned for determination. (Docket no. 14). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). Because this is a dispositive motion the undersigned must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* E.D. Mich. L.R. 7.1(e)(1)(A).

**A.**    **Facts**

Plaintiff Daniel Santure, a prisoner at the Parnall Correctional Facility in Jackson, Michigan, filed this *pro se* civil rights action on December 26, 2012 on behalf of himself and all other similarly situated disabled prisoners within the Michigan Department of Corrections ("MDOC"). (Docket

1

no. 1). The complaint names five MDOC employees and purports to file claims against all other "similarly situated" John Doe "MDOC employees that are discriminating against disabled prisoners." (Docket no. 1). Plaintiff does not clearly identify what his disability is, but claims that he was assigned to a food service work assignment as a silverware wrapper. He claims that the position of silverware wrapper is suitable for disabled individuals. He further claims that he and three other allegedly disabled inmates signed up on job postings advertising better paying positions but he was told that he could not have a different job assignment because he was disabled. (Docket no. 1 at 12). He also claims that he was given poor work evaluations and was ultimately terminated from his food service position in retaliation after he filed a grievance complaining about the treatment given to disabled prisoners. (Docket no. 1 at 12-15). Plaintiff claims that the MDOC is discriminating against himself and all other disabled prisoners in employment and other programs. He seeks damages and injunctive relief under 42 U.S.C. § 1983 for violation of the First, Fifth, Eighth, and Fourteenth Amendments, as well as the Rehabilitation Act of 1973 and the Americans with Disabilities Act (ADA).

In the instant motion, Plaintiff seeks class certification on behalf of himself and all other similarly situated disabled prisoners within the MDOC. (Docket no. 3). He claims that the class is comprised of all current and future male and female physically or mentally disabled prisoners under the custody and control of the MDOC. (Docket nos. 3, 4).

**B.    Governing Law**

      Rule 23, Fed. R. Civ. P., governs class certification and provides:

**(a) Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
    (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;

>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b) Types of Class Actions.**  A class action may be maintained if Rule 23(a) is satisfied and if:
>
>   (1) prosecuting separate actions by or against individual class members would create a risk of:
>   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>   (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>   (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy....

"The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  The moving party must show that he meets all of the criteria of Rule 23(a), as well as at least one condition set forth in Rule 23(b). *Id.*  The Court has broad discretion in deciding whether to certify a class but must exercise that discretion within the bounds of Rule 23. *Id.*

**C.    Analysis**

Here, Plaintiff has not satisfied each of the four categories of Rule 23(a).  Specifically, Plaintiff has not satisfied the criteria of Rule 23(a)(4) by showing that he will fairly and adequately protect the interests of the class.  Plaintiff is proceeding *pro se* and has been denied the discretionary appointment of counsel at this time.  (Docket no. 16).  "It is well established that '[a] litigant may

bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others.' " *Fuller v. Maple*, No. 11-13319, 2012 WL 917841, at *3 (E.D. Mich. Jan. 31, 2012) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). In unpublished decisions, the Sixth Circuit has also found that "non-attorneys proceeding pro se cannot adequately represent a class." *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004). Plaintiff himself acknowledges that he is not capable of representing the interests of the purported class. (Docket no. 4).

Although Plaintiff has requested appointment of class counsel by way of separate motion, Rule 23 does not itself provide a basis for appointing counsel to an indigent plaintiff. *Rouse v. Caruso*, No. 06-10961, 2007 WL 909629, at *4 n.1 (E.D. Mich. Mar. 23, 2007). Courts have also long recognized that "there is no right to counsel in prisoner civil rights cases," and have held that appointment of counsel may only be made in exceptional cases. *Bennett v. Smith*, 110 Fed. Appx 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). The Court reviewed Plaintiff's motion for appointment of class counsel and denied it on the ground that appointment of counsel at this stage of the litigation is unwarranted. (Docket no. 16).

Plaintiff is proceeding *pro se* and has failed to demonstrate that he meets the Rule 23(a)(4) requirement that he will "fairly and adequately protect the interests of the class." Accordingly, Plaintiff's motion for class certification should be denied.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 24, 2013            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Daniel Santure and Counsel of Record on this date.

Dated: June 24, 2013          s/ Lisa C. Bartlett
                              Case Manager