UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SANTURE,

        Plaintiff,                      CIVIL ACTION NO. 12-CV-15680

    vs.                                DISTRICT JUDGE DENISE PAGE HOOD

DANIEL HEYNS, DEBRA SCUTT,    MAGISTRATE JUDGE MONA K. MAJZOUB
DAVE HAHN, KIMMY ROBINSON,
J. POTTER, AND JOHN DOES,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:  This Court recommends that Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 11) and Plaintiff's motion for emergency temporary and preliminary injunction (docket no. 19) be **DENIED**.

**II.**    **REPORT**:

This matter comes before the Court on Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 11) and motion for an emergency temporary order and preliminary injunction (docket no. 19). No responses have been filed to the motions. All pretrial matters have been referred to the undersigned for determination. (Docket no. 14). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

This is a *pro se* prisoner civil rights action filed by Plaintiff Daniel Santure against five named employees of the Michigan Department of Corrections ("MDOC") and all John Doe

1

"similarly situated MDOC employees that are discriminating against disabled prisoners." (Docket no. 1).  Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violation of the First, Fifth, Eighth, and Fourteenth Amendments, as well as the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), and the Civil Rights Act of 1964.  He brings this action in a representative capacity on behalf of himself and all other disabled current and future male and female prisoners under the custody and control of the MDOC.

Plaintiff, holding himself out as representative of the purported class of disabled prisoners, moves for a temporary restraining order and preliminary injunction against Defendant Heyns, the director of the MDOC, and Defendant Scutt, the Warden for Parnall Correctional Facility. (Docket no. 11).  He has sued Defendant Heyns in his official capacity only and Defendant Scutt in her official and individual capacities.  (Docket no. 1 at 2).

**B.     Governing Law**

Rule 65, Fed. R. Civ. P., authorizes the issuance of preliminary injunctions and temporary restraining orders.  The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *Workman v. Bredesen*, 486 F.3d 896, 922 (6th Cir. 2007).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).  In deciding a motion for a preliminary injunction, the court should consider whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm

to others; and (4) the public interest will be served if the injunction issues. *Id*. (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id*. *See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

"To constitute irreparable harm, an injury must be certain, great, and actual;" mere possibility of irreparable harm or a speculative injury does not warrant injunctive relief. *Lucero v. Detroit Pub. Sch.*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) (citations omitted). An order granting an injunction or restraining order must (a) state the reasons why it issued, (b) state its terms specifically, and (c) describe in reasonable detail - and not by referring to the complaint or other document - the act or acts restrained or required. Fed. R. Civ. P. 65(d)(1).

**C. Analysis**

Plaintiff moves for injunctive relief for the purpose of ensuring that he receives legal supplies, personal hygiene supplies, and personal postage as allowed under the MDOC's indigent status. (Docket no. 11). Plaintiff alleges that the MDOC has denied his requests for indigent status. Despite the denials, he claims he has no funds to pay for legal materials or hygiene supplies now that he has been terminated from his food service position.

*1. Likelihood of Success on the Merits*

"[A] plaintiff must demonstrate ... a strong or substantial likelihood or probability of success" on the merits before an injunction may issue. *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 35 (6th Cir. 1992) (citation omitted). The undersigned recommends that Plaintiff's

motions be denied because Plaintiff has failed to carry his burden of demonstrating a strong probability of success.

First, Plaintiff filed this purported class action in a representative capacity on behalf of all current and future disabled prisoners in the custody and control of the MDOC. In a recent Report and Recommendation the undersigned recommended that Plaintiff's motion to certify the class (docket no. 3) be denied because the *pro se* Plaintiff was not able to fairly and adequately represent the interests of the purported class. Therefore, with respect to the instant motions, Plaintiff is not able to demonstrate that he has a strong or substantial probability of succeeding as representative of the purported class action.

Next, the claims levied against Defendant Scutt in her individual capacity are based upon her role as a supervisor. The complaint alleges that Defendant Scutt failed to intervene after she was notified through prison grievances of alleged constitutional violations perpetrated upon Plaintiff by her subordinates. Allegations premised upon respondeat superior or supervisory liability are foreclosed in § 1983 actions. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Moreover, being aware of a prisoner's complaints and failing to take corrective action, or denying an administrative grievance, are not sufficient grounds upon which to impose § 1983 liability. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not demonstrated that Defendant Scutt was personally involved in or actively encouraged any constitutional wrongdoing for purposes of individual § 1983 liability.

Likewise, Plaintiff has failed to show that he is substantially likely to succeed on his § 1983 claims against Defendants Heyns and Scutt in their official capacities. Constitutional claims for monetary damages against MDOC defendants in their official capacities are barred by Eleventh

Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Rodgers v. Banks,* 344 F.3d 587, 594 (6th Cir. 2003). Plaintiff can avoid the sovereign immunity bar by suing for prospective injunctive relief. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 n.1 (6th Cir. 2004); *Mitchell v. Mich. Dep't of Corr.*, No. 05-728, 2006 WL 250697, at *2 (W.D. Mich. Feb. 1, 2006). To succeed against Defendants on this type of claim, Plaintiff is required to show that a custom, policy, or practice of the MDOC caused Plaintiff irreparable injury. *See Werdlow v. Caruso*, No. 09-11009, 2011 WL 52608, at *2 (E.D. Mich. Jan. 7, 2011). Plaintiff has not identified a formal policy at fault for his injury, nor has he sufficiently shown that Defendants implemented a custom so permanent and well settled as to have the force and effect of law. *Id.* Consequently, Plaintiff has failed to demonstrate that he is substantially likely to prevail on the merits of his official capacity § 1983 claims.

In addition to his claims under § 1983, Plaintiff has alleged that Defendants discriminated against him on the basis of his disability in violation of the ADA. Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To prevail on a claim under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under a program solely because of his disability. *Jones v. City of Monroe,* 341 F.3d 474, 477 (6th Cir. 2003).

The Sixth Circuit Court has found that the ADA applies to state prisons and as such may be asserted against the prison or against a prison employee in his or her official capacity. *Mingus v.*

*Butler,* 591 F.3d 474, 482 (6th Cir. 2010) (citing *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 209–10 (1998)). *See also Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Courts have found that official capacity claims under Title II of the ADA for money damages are barred if the claim sounds in equal protection rather than due process. *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044-45 (E.D. Mich. 2005) (citing *Popovich v. Cuyahoga Cnty Court of Common Pleas*, 276 F.3d 808, 811 (6th Cir. 2002)); *see also Davis v. Mich. Dep't of Corr.*, No. 07-200, 2010 WL 431671, at *7 (W.D. Mich. Feb. 1, 2010).

The Sixth Circuit Court has opined that Title II of the ADA does not provide a private right of action against a public employee acting in his or her individual capacity. *Everson v. Leis*, 556 F.3d at 501 n.7 (citations omitted). Consequently, Plaintiff cannot succeed on his claim against Defendant Scutt in her individual capacity for violation of the ADA. Plaintiff has also failed to demonstrate that he is likely to prevail on the merits of an official capacity claim for violation of the ADA. First, Plaintiff alleges that he is disabled and states that Defendants refused to consider him for work assignments because of his disability, yet he has not made the nature of his disability clear to the Court. Furthermore, documents attached to Plaintiff's complaint state that Plaintiff was placed on medical restrictions which prevented him from performing the essentials of all but one job assignment in the food service department. (Docket no. 1, ex. 5.4 and 6.2). The Court simply cannot say based on the information it has before it that Plaintiff is a "qualified individual with a disability" within the meaning of the ADA, or that he was discriminated against solely on the basis of his disability.

Plaintiff's request for a preliminary injunction on his claims under the Rehabilitation Act suffer a similar fate. Plaintiff cannot maintain a cause of action for violation of the Rehabilitation

6

Act against Defendant Scutt or others in their individual capacities. *Key v. Grayson*, 163 F. Supp. 2d 697, 715-16 (E.D. Mich. 2001). Likewise, Plaintiff has not demonstrated for purposes of the instant motions that he is an "otherwise qualified individual with a disability" who has been discriminated against solely by reason of his disability. *Id.* at 715 (citing 29 U.S.C. § 794(a)). Furthermore, Plaintiff has not demonstrated that he is substantially likely to succeed on any claims brought under the Civil Rights Act.

*2.   Irreparable Injury*

Plaintiff moves for a preliminary injunction in large part on the ground that Defendants have denied him access to the Courts. Despite his argument Plaintiff has not shown actual injury. Examples of actual injury may involve Plaintiff showing that he has been unable to file documents with the Court, he has missed a Court-imposed deadline, or he has had a case dismissed on account of Defendants' actions. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). On the contrary, the docket shows that Plaintiff has been active in filing motions, declarations, and responses in the instant case. The Court has no basis for finding that Plaintiff will suffer irreparable harm without a preliminary injunction.

*3.   Substantial Harm to Others and Public Interest*

The Court is not persuaded that issuance of a preliminary injunction in this case will not unduly intrude upon the State's operation of the prison system and therefore not be in the public's best interest.

*4.   Entitlement to an Injunction*

The undersigned finds that Plaintiff has failed to demonstrate that he is entitled to the extraordinary relief of a preliminary injunction. Accordingly, Plaintiff's motion for a temporary

7

restraining order and preliminary injunction (docket no. 11) and Plaintiff's motion for emergency temporary and preliminary injunction (docket no. 19) should be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 25, 2013       s/ Mona K. Majzoub
                 MONA K. MAJZOUB
                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Daniel Santure and Counsel of Record on this date.


Dated: June 25, 2013                        s/ Lisa C. Bartlett
                                                    Case Manager