**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DANIEL SANTURE,**

        **Plaintiff,**                    **CIVIL ACTION NO. 12-CV-15680**

  vs.                                **DISTRICT JUDGE DENISE PAGE HOOD**

**DANIEL HEYNS, DEBRA SCUTT,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**DAVE HAHN, KIMMY ROBINSON,**
**J. POTTER, AND JOHN DOES,**

        **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that the motion to dismiss, or in the alternative, for summary judgment filed by Defendants Daniel Heyns, Debra Scutt, David Hahn, Kimberly Robinson and Judy Potter (docket no. 23) be **GRANTED**, Plaintiff's motion to postpone the proceedings (docket no. 25) be **DENIED**, and Plaintiff's case be dismissed.

**II.**    **REPORT**:

This matter comes before the Court on two motions. The first motion is the motion to dismiss, or in the alternative, for summary judgment filed by Defendants Daniel Heyns, Debra Scutt, David Hahn, Kimberly Robinson and Judy Potter. (Docket no. 23). Plaintiff filed a response. (Docket no. 24). The second motion is Plaintiff's motion to postpone the proceedings. (Docket no. 25). Defendants did not file a response to Plaintiff's motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for determination. (Docket no. 14). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

1

**A.	Facts**

This is a *pro se* prisoner civil rights action filed by Plaintiff Daniel Santure against five named employees of the Michigan Department of Corrections ("MDOC") and all John Doe "similarly situated MDOC employees that are discriminating against disabled prisoners." (Docket no. 1). Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 for violation of the First, Fifth, Eighth, and Fourteenth Amendments, as well as the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), and the Civil Rights Act of 1964. He purports to bring this action in a representative capacity on behalf of himself and all other disabled current and future male and female prisoners under the custody and control of the MDOC. At the time he filed his complaint he was incarcerated at the Parnall Correctional Facility in Jackson, Michigan. On July 31, 2013, the Court denied Plaintiff's motion for class certification. (Docket no. 31). Plaintiff has since been discharged from state custody. See MI Dep't of Corr.'s Offender Tracking Info. Sys. (OTIS).[1]

Defendants are Daniel Heyns, the Director of the Michigan Department of Corrections ("MDOC"), and Parnall Correctional Facility employees Warden Debra Scutt, Food Service Director Dave Hahn, and Food Service employees Kimmy Robinson and Judy Potter. Plaintiff has also sued unknown John Doe Defendants described as "all other similarly situated MDOC employees that are discriminating against disabled prisoners." (Docket no. 1). Plaintiff sues Defendant Heyns in his official capacity, Defendant Scutt in her official and individual capacities, and Defendants Hahn, Robinson, and Potter in their individual capacities. (Docket no. 1).

Plaintiff alleges that the MDOC is violating the rights of disabled prisoners by openly

---

[1]The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

2

discriminating against them in employment. He alleges that he was assigned to a food service work assignment in the position of silverware wrapper in January 13, 2002, a position reserved for disabled prisoners. (Docket no. 1 at 12). He further claims that he was not considered for better paying food service work assignments because he is disabled. (Docket no. 1 at 12). Plaintiff states that he sent three kites to Defendant Scutt between May 21, 2012 and June 20, 2012 complaining of discriminatory treatment. He alleges that he began receiving unfavorable work evaluations and he was terminated from his work assignment after he filed a grievance. (Docket no. 1, ¶¶ 29-31 and brief at 13-15).

Plaintiff alleges that Defendants were each notified of the statutory and constitutional violations in writing but refused to correct the violations. (Docket no. 1 at 17-18). He alleges that Defendant Heyns and Scutt are responsible for the actions of their subordinates. (Docket no. 1, ¶¶ 35-37).

Plaintiff alleges that Defendant Hahn has refused to properly investigate his allegations of discriminatory treatment by food service workers, has failed to properly supervise food service workers, and has personally made discriminatory comments about disabled prisoners in food service. (Docket no. 1, ¶ 38 and brief at 7). He further alleges that Defendant Hahn signed his unfavorable work evaluations and termination notice after Plaintiff filed a grievance against him. (Docket no. 1, ¶ 38).

Plaintiff alleges that Defendant Robinson informed him that he could not have another food service assignment and made false and retaliatory statements that Plaintiff performs legal work during his work assignment. He claims that she told him that he could not work as a cook because he is disabled. (Docket no. 1, ¶ 39).

3

Plaintiff alleges that Defendant Potter told him that the ADA does not apply in prison and instructed him not to sign up for job postings because he is disabled. (Docket no. 1, ¶ 40). He claims that Defendant Potter signed his unfavorable work evaluation even though it contained false information and statements of rule violations.

**B.     Governing Law**

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b) and 56(a). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id.* The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)). If the moving party presents and the Court relies on matters outside the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(d).

Summary judgment is appropriate where the moving party shows that there is "no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

*1.     Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment*

*A.     Administrative Exhaustion*

Defendants first argue that Plaintiff failed to exhaust his administrative remedies against Defendants Heyns, Robinson and Potter by failing to name them in his grievance. (Docket no. 23). 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006). The procedural bar does not apply in cases where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).

Defendants produced a copy of the MDOC policy directive that was in effect during the time relevant to Plaintiff's claims. (Docket no. 23, ex. A). The applicable grievance policy in this case

is MDOC Policy Directive 03.02.130 (effective date 7/09/2007). This version of the MDOC Policy Directive states that "[p]rior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue." MDOC Policy Directive 03.02.130, ¶ P. Information provided in the grievance must be "limited to the <u>facts</u> involving the issue being grieved (i.e. who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130, ¶ R.

Defendants argue that Plaintiff failed to exhaust his complaints against Defendants Heyns, Robinson, and Potter because he failed to name them in any relevant grievance. Defendants show that Plaintiff filed two grievances through Step III while he was incarcerated at Parnall Correctional Facility. (Docket no. 23, ex. B). Only one of the two grievances, Grievance SMT-12-07-1053-06e, relates to the issues raised in Plaintiff's complaint. Plaintiff attached copies of Grievance SMT-12-07-1053-06e and its responses to his complaint. (Docket no. 1). Defendants also provided copies of this grievance to the Court. (Docket no. 23, ex. C).

The documents show that Plaintiff filed Grievance SMT-12-07-1053-06e on June 26, 2012 complaining that the Parnall Food Service Director and staff violated the ADA, the Rehabilitation Act, and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA) by discriminating against him on the basis of his disability. The grievance identifies Defendant Hahn. Neither the grievance nor any responses identify Defendants Heyns, Robinson and Potter. Defendant Scutt is identified only by stating that Plaintiff sent her kites complaining of the discrimination. The MDOC addressed the grievance on its merits at all three steps of the grievance process.

The Sixth Circuit has declined to impose rigid technical requirements on prisoners who file

grievances that give prison officials fair notice of the alleged misconduct that underlies the prisoner's complaint. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Instead, the Sixth Circuit has cautioned that the procedural policies of the administrative grievance process are waivable when the MDOC elects to address a grievance on the merits rather than invoke a procedural bar to the grievance. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits," the court should do the same.).

The relevant MDOC policy directive requires the prisoner to include specific names in his grievance. Grievance SMT-12-07-1053-06e complains of actions taken by Defendant Hahn and food service staff without specifically naming the staff involved. Despite this, the MDOC elected to address the merits of the grievance through step three of the grievance process, and in doing so waived its own procedural standard. The Court should find, under the direction of *Reed-Bey*, that Plaintiff exhausted his administrative remedies against Defendants.

### B.     *Declaratory and Injunctive Relief*

Plaintiff requests declaratory and injunctive relief against Defendants. However, Plaintiff has been discharged from the custody of the MDOC. Accordingly, the undersigned recommends that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) ("Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these prayers for relief are moot."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched

his mail."); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982) ("the injunctive relief sought is now moot since Goar is no longer imprisoned.").

C.     *Fifth Amendment Claim*

Plaintiff has alleged a violation of the Fifth Amendment. The Fifth Amendment to the United States Constitution states in relevant part that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. Amend. V. The Fifth Amendment applies only to actions of the federal government. *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000); *Newsom v. Vanderbilt Univ.,* 653 F.2d 1100, 1113 (6th Cir. 1981). Defendants are all state actors. Therefore, Plaintiff's claim that his Fifth Amendment rights were violated should be dismissed as to all Defendants.

D.     *Section 1983 Claims for Violation of the First, Eighth, and Fourteenth Amendments*

*1.     The Eleventh Amendment*

Plaintiff has sued Defendant Heyns in his official capacity only and Defendant Scutt in her official and personal capacities. The Eleventh Amendment bars civil rights actions for money damages against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to section 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Neither has Congress abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, the Eleventh Amendment bars suits for money damages against state employees sued in their official capacity. *Johnson v. Unknown Dellatifa*, 357 F.3d at 545. To the extent Plaintiff seeks damages from Defendants Heyns and Scutt for section 1983 civil rights violations which occurred while they

8

were acting in their official capacities, those claims are barred by the Eleventh Amendment and should be dismissed from this lawsuit. Since Defendant Heyns is sued only in his official capacity for damages and injunctive relief, all section 1983 claims against him should be dismissed.

*2.    Individual Capacity Claims Against Defendants Hahn, Scutt, Robinson, and Potter - Personal Involvement*

To state a claim for monetary damages under section 1983, a prisoner plaintiff must allege some specific personal wrongdoing on the part of each individual defendant. Section 1983 liability may not be predicated solely upon theories of vicarious liability or respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Claims of supervisory liability will suffice only if the plaintiff alleges and shows that the supervisor personally engaged in or otherwise "authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Id*. (liability of supervisory personnel must be based on more than the mere right to control employees).

Where a defendant's only involvement in the alleged unconstitutional conduct is the denial of administrative grievances or the failure to act, the defendant cannot be held liable under section 1983. *Id*. Furthermore, section 1983 liability may not be predicated on claims of verbal threats or harassment alone. *Gilson v. Cox*, 711 F.Supp. 354, 355 (E.D. Mich. 1989) ("it is well established that verbal harassment or abuse - standing alone - is not sufficient to state a constitutional deprivation under section 1983."). *See also Moore v. Cnty of Muskegon,* 201 F.3d 441 (6th Cir. 1999).

Plaintiff alleges that Defendant Scutt has the duty to ensure that all prisoners are treated fairly and their rights are not violated by the prison staff she supervises. He further alleges that Defendant Scutt was put on notice of the legal violations in communications sent to her and in

Plaintiff's step two grievance appeal. He also indicates that Defendant Scutt failed to act after being put on notice of the unlawful actions. Plaintiff has sued Defendant Scutt based upon her position of authority and supervisory responsibility within the MDOC. His allegations against her do not form the basis for section 1983 liability and should be dismissed.

Next, Plaintiff alleges that Defendant Robinson informed him that he could not have another job because he was on "that list," and made false and retaliatory statements that Plaintiff does not do his share of work and performs legal work during his work shift. He claims that she told him that he could not work as a cook because he is disabled. (Docket no. 1, ¶ 39). Plaintiff has not alleged or shown that Defendant Robinson was personally involved in any constitutional wrongdoing for purposes of section 1983 liability. Therefore, his section 1983 claims against her should be dismissed.

Plaintiff also alleges that Defendant Potter told him that the ADA does not apply in prison and instructed him not to sign up for future job postings because he is disabled. (Docket no. 1, ¶ 40). In addition, he alleges that Defendant Hahn made discriminatory comments to disabled prisoners. To the extent Plaintiff purports to attach personal liability under section 1983 on verbal statements made by Defendants Potter and Hahn, his allegations should be dismissed.

3.      *First Amendment Retaliation Claim Against Defendants Hahn and Potter*

Plaintiff has alleged that Defendants Hahn and Potter were personally involved in his termination. Specifically, he claims that Defendant Potter signed an unfavorable work evaluation that contained false information and statements of rule violations. He alleges that Defendant Hahn also signed the unfavorable work evaluation, and in fact signed two unfavorable evaluations. He claims that he was terminated from his prison work assignment as a result of the unfavorable

evaluations.

The record does not contain an official copy of the second of the two unfavorable work evaluations. It does, however, contain an unsigned work evaluation with a handwritten notation scrawled along the bottom of the form. The notation states that Plaintiff was on a "30 day conditional" yet "continues to not follow kitchen rules and staff instructions. Request Termination." (Docket no. 1, ex. 21). Defendant Hahn's name is printed on the form but there are no signatures affixed to the document. The notation appears to have been made by Plaintiff himself because it reads "By Santure for clarification." Nevertheless, Defendants state that Defendant Potter was responsible for the evaluation. (Docket no. 23 at 11).

Plaintiff alleges that he received unfavorable evaluations and was terminated from his prison work assignment in retaliation for filing a grievance. A claim of retaliation under the First Amendment requires proof that the prisoner engaged in protected conduct, an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and the adverse action was motivated at least in part by the prisoner's protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). "There is no causation where the defendant is not the decision-maker." *Gordon v. Collins*, No. 08-12989, 2009 WL 3210932, at *6 (E.D. Mich. Sept. 30, 2009) (citations omitted). Once the plaintiff establishes a violation, the defendant "can avoid liability by showing that [he] would have taken the same action even in the absence of the protected conduct." *Gaspers v. Ohio Dep't of Youth Servs.*, 648 F.3d 400, 412 (6th Cir. 2011) (citation and internal quotation marks omitted).

An inmate has an undisputed First Amendment right to file nonfrivolous grievances against prison officials. *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996); *Hill v. Lappin*, 630 F.3d 468,

11

472 (6th Cir. 2010). The Court will assume for the sake of this motion that Plaintiff has met the first prong of the test. As for the second prong, Plaintiff shows that he was terminated from his work assignment and placed on unemployable status causing him to lose a number of important privileges after he received his second 30 day conditional evaluation. (Docket no. 1, ex. 26). Therefore, for purposes of this motion the Court will accept that Plaintiff has demonstrated that he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in protected activity.

The third prong of Plaintiff's retaliation claim requires him to show that the adverse action was motivated at least in part by the protected conduct. The adverse action here could be construed as being either the work assignment termination or the "30 day conditionals." The record is vague as to whether Defendants Hahn or Potter were responsible for the decisions to terminate Plaintiff or place him on 30 day conditionals. The record merely states that Plaintiff would be terminated from his employment upon receipt of a second 30 day conditional and it shows that Plaintiff was in fact terminated on September 4, 2012. (Docket no. 1, ex. 13, 26). Therefore, a question of fact remains as to whether Defendants Hahn or Potter were the decision makers with respect to the adverse consequences.

Assuming for the sake of this motion that Defendants Hahn and Potter were responsible for the decision to place Plaintiff on the 30 day conditionals and terminate his work assignment, there is little evidence to suggest that Defendants were motivated to do so because of Plaintiff's grievance activity. The record shows that Plaintiff received a favorable work evaluation prior to filing his grievance and within three months after he filed his grievance he was placed on two 30 day conditionals and terminated from his work assignment. Based on these facts, Plaintiff states that he

12

was retaliated against. However, without other evidence of retaliatory conduct, temporal proximity alone is not sufficient to establish a causal connection for a retaliation claim. *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007).

It is clear from the complaint that Plaintiff bases his retaliation claim on the simple fact that he received two unfavorable performance evaluations and he was terminated after he filed a grievance. The undersigned suggests that Plaintiff has not alleged sufficient facts or presented evidence of causation sufficient to support a First Amendment retaliation claim against Defendants Hahn and Potter. Accordingly, Plaintiff's First Amendment claim against these Defendants should be dismissed.

*4.    Eighth Amendment*

The Eighth Amendment bars States from imposing punishments that are cruel and unusual, including those that involve the unnecessary and wanton infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Id.* (citing *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "The type of conduct alleged by Plaintiff in this action, the termination of a prisoner from his prison job, does not rise to the level of an Eighth Amendment violation." *Davis v. Michigan Dep't of Corr.*, No. 07-200, 2007 WL 1040370, at *4 (W.D. Mich. April 3, 2007) (citing *McKinley v. Bowlen*, No. 00-6344, 8 Fed. Appx. 488, 492 (6th Cir. May 1, 2001)). Plaintiff's Eighth Amendment claim should be dismissed.

*5.    Fourteenth Amendment Claim Against Defendants Hahn and Potter*

*a.     Equal Protection*

Plaintiff has alleged a claim under the Fourteenth Amendment to the United States Constitution, arguing that he was not able to secure a better paying work assignment because of his disability. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). To establish a claim under the Equal Protection Clause, a plaintiff must show that he is a member of a protected class and that he was intentionally and purposefully discriminated against because of his protected status. *Jones v. Union Cnty, Tenn.*, 296 F.3d 417, 426 (6th Cir. 2002). "Disabled persons are not a suspect class for purposes of an equal protection challenge." *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 457 (6th Cir. 2008). Therefore, a state is not required by the Fourteenth Amendment to make special accommodation for the disabled, "so long as its actions are rationally related to some legitimate governmental purpose." *Id.* Said differently, "rational discrimination on the basis of a disability does not violate the Constitution." *Key v. Grayson*, 163 F.Supp.2d 697, 711 (E.D. Mich. 2001) (citation omitted).

Plaintiff attached a grievance response to his complaint that states that he has a medical condition in which he is heat sensitive and required a "no standing" work environment. Based on his medical evaluation, he was given a light duty detail and assigned to the only light duty job in food service. The record shows that Plaintiff was not advanced to other jobs within food service because there were no other food service positions that met his medical restrictions. Although Plaintiff was not able to advance in food service, he was notified that he was placed on a list for law

14

library assignments. Even so, he continued to demand a higher paying job in food service.

Protecting the safety of inmates and honoring medical restrictions are legitimate government purposes. The undersigned suggests that Plaintiff has failed to establish an Equal Protection claim.

*b.* *Due Process*

To the extent Plaintiff raises a due process challenge to the termination of his prison employment and the fairness of any work evaluations, his claim should be dismissed. The Sixth Circuit has consistently held that a prisoner has no constitutionally protected liberty or property interest in prison employment under the Fourteenth Amendment. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)). Thus, Plaintiff cannot sustain a due process claim arising from the termination of his prison work assignment. Furthermore, because he has no protected liberty or property interest in prison employment, he has no due process claim regarding any work performance evaluation that might affect his future employment status. *Young v. Palmer*, No. 09-67, 2009 WL 891710, at *5 (W.D. Mich. April 1, 2009).

*E.* *The Americans with Disabilities Act*

In addition to his claims under section 1983, Plaintiff has alleged that Defendants discriminated against him on the basis of his disability in violation of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To prevail on a claim under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being

15

subjected to discrimination under a program solely because of his disability. *Jones v. City of Monroe,* 341 F.3d 474, 477 (6th Cir. 2003) (citations omitted).

The Sixth Circuit Court has found that the ADA applies to state prisons and as such may be asserted against the prison or against a prison employee in his or her official capacity. *Mingus v. Butler,* 591 F.3d 474, 482 (6th Cir. 2010) (citing *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 209–10 (1998)). *See also Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). The Sixth Circuit has also opined that Title II of the ADA does not provide a private right of action against a public employee acting in his or her individual capacity. *Everson v. Leis*, 556 F.3d at 501 n.7 (citations omitted). Consequently, Plaintiff cannot succeed on his claim against Defendant Scutt in her individual capacity or against Defendants Hahn, Robinson, and Potter for violation of the ADA.

Plaintiff has also failed to established a viable claim against Defendant Heyns or Scutt in their official capacities. First, Plaintiff alleges that he is disabled and states that Defendants refused to consider him for work assignments because of his disability, yet he has not made the nature of his disability clear to the Court. Therefore, it is not clear that Plaintiff is disabled within the meaning of the ADA. The record reveals that he was placed on medical restrictions due to a heat sensitivity and an inability to perform a standing work assignment. However, since Defendants have not offered proof to show that Plaintiff is not disabled for purposes of the ADA, the Court will assume that Plaintiff has a disability.

Even accepting that Plaintiff is disabled under the ADA, he has failed to establish that he is "otherwise qualified" for a different work assignment in food service, or that he was excluded from other jobs solely because of his disability. To hold otherwise would contradict the evidence that suggests that Plaintiff was medically restricted to light duty and he was assigned to the only light

16

duty work assignment in food service. Plaintiff's ADA claim should be dismissed.

F.   *The Rehabilitation Act*

The Rehabilitation Act of 1973 states that

> [n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. Like the ADA, the Rehabilitation Act does not permit suits against government officials in their individual capacity. *Tanney v. Boles*, 400 F.Supp.2d 1027, 1044 (E.D. Mich. 2005) (citations omitted). Therefore, Plaintiff's individual capacity claims against Defendants Scutt, Hahn, Robinson and Potter must be dismissed.

To establish a claim under the Rehabilitation Act, a plaintiff must show that he is (1) a "handicapped person" under the Act; (2) "otherwise qualified" for participation in the program; (3) being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap; and (4) the relevant program or activity is receiving Federal financial assistance. *Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). Here, Plaintiff has not demonstrated that he is "otherwise qualified" for a different food service position or that he was discriminated against solely by reason of his handicap. Accordingly, his claim under the Rehabilitation Act should be dismissed.

G.   *The Civil Rights Act of 1964*

To the extent Plaintiff is attempting to assert an employment discrimination claim under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, he has not set forth facts or evidence to show that Defendants were his employer or that he was subjected to unlawful discrimination. *See Wathen v.*

*Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997). Accordingly, Plaintiff's claim under the Civil Rights Act of 1964 should be dismissed.

H.     *Claims against Unnamed Defendants*

Plaintiff filed this suit against the named Defendants and all other John Doe "similarly situated MDOC employees that are discriminating against disabled prisoners." (Docket no. 1). Almost one year has passed since the filing of Plaintiff's complaint, and Plaintiff has failed to request an extension of time to identify or effect service on the unnamed John Doe Defendants.

The time for service of the summons and complaint is established under Federal Rule of Civil Procedure 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). Service has not been effected on the unnamed Defendants and Plaintiff has not shown good cause to extend the time for service. Accordingly, the undersigned recommends that Plaintiff's claims against the unnamed Defendants be dismissed.

2.     *Plaintiff's Motion to Postpone Proceedings*

Plaintiff moved to postpone the proceedings until August 1, 2013, arguing that he had been placed in "Project Rehab" and he has no access to the courts or to legal materials while in the program. Since August 1, 2013 has long since passed and Plaintiff has been discharged from MDOC custody, the Court should find that Plaintiff's motion is moot.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation,

18

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 26, 2013                s/ Mona K. Majzoub
                                                                  MONA K. MAJZOUB
                                                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Daniel

Santure and Counsel of Record on this date.

Dated: November 26, 2013          s/ Lisa C. Bartlett
                                  Case Manager