

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL SANTURE,

          Plaintiff,

v.                                         Case No. 12-CV-15680
                                                Honorable Denise Page Hood

DANIEL HEYNS, DEBRA SCUTT,
DAVE HAHN, KIMMY ROBINSON,
J. POTTER, AND JOHN DOES,

          Defendants.
_____/

**ORDER ACCEPTING THE MAGISTRATE'S REPORT AND
RECOMMENDATION [#36], GRANTING DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
[#23], DENYING PLAINTIFF'S MOTION TO POSTPONE THE
PROCEEDINGS [#25], AND DISMISSING THIS CASE**

Now before the Court is the Report and Recommendation of Magistrate Judge Mona K. Majzoub.[1] **[Docket No. 36, filed November 26, 2013]** For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment **[Docket No. 23, filed April 5, 2013]** is **GRANTED.** Defendants Daniel Heyns, Debra Scutt, Dave Hahn, Kimmy

---

[1] The Court notes that the Report and Recommendation in this case was mailed to Plaintiff at the address that Plaintiff provided (209 S. Evans Street, Tecumseh, MI 49286). It was returned as undeliverable. The Report and Recommendation, however, has been filed on the docket since November 26, 2013.

Robinson, J. Potter, and any unnamed John Does are **DISMISSED** from this action, **WITH PREJUDICE**. Plaintiff's Motion to Postpone the Proceedings **[Docket No. 25, filed April 18, 2013]** is **DENIED AS MOOT**. Additionally, this case is **DISMISSED** in its entirety.

## I. BACKGROUND

The Magistrate Judge describes the background of this case in great detail. Plaintiff makes no objection to the Magistrate Judge's findings of fact. The Court adopts the Magistrate Judge's findings of fact in their entirety.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.")

"[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but

failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A party's failure to file any objections waives his or her right to further appeal, *see Smith*, 829 F.2d at 1373, and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. ANALYSIS

### A. Defendants' Motion to Dismiss or for Summary Judgment

Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, on April 5, 2013. **[Docket No. 23]** Plaintiff filed a response to this motion. **[Docket No. 24, filed April 18, 2013]** In their motion, Defendants argue that: (1) Director Heyns and Food Service Leaders Robinson and Potter are entitled to summary judgment as Plaintiff failed to properly exhaust his administrative remedies; (2) Warden Scutt is entitled to dismissal because Plaintiff failed to make a clear showing of her personal involvement in the allegations that comprised his Complaint; (3) Plaintiff's removal from his napkin folding assignment did not implicate any of his constitutional rights and all Defendants are entitled to dismissal of his claims as they pertained to any constitutional violation, as well as

3

those claims that were premised upon the ADA; and (4) Defendants are entitled to Eleventh Amendment and/or qualified immunity.

The Magistrate Judge found that Plaintiff did in fact "exhaust[] his administrative remedies against Defendants." As to Plaintiff's request for declaratory and injunctive relief against Defendants, Magistrate Majzoub recommends that "Plaintiff's claims for declaratory and injunctive relief be dismissed as moot" because Plaintiff has been discharged from the custody of the MDOC. The Magistrate Judge recommends that Plaintiff's claim that his Fifth Amendment rights were violated should be dismissed as to all Defendants because all Defendants are "state actors." In regards to Plaintiff's Section 1983 Claims for Violation of the First, Eighth, and Fourteenth Amendments, the Magistrate Judge recommends that, to the extent Plaintiff seeks damages from Defendants Heyns and Scutt for section 1983 civil rights violations which occurred while they were "acting in their official capacities," Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed. Further, Magistrate Majzoub recommends that the Section 1983 claims against Defendant Heyns, who was sued only in his official capacity for damages and injunctive relief, be dismissed.

In addition to claims based on their official capacities, Plaintiff brought individual capacity claims against Defendants Hahn, Scutt, Robinson, and Potter. As to Plaintiff's claim against Defendant Scutt, the Magistrate Judge determined

4

that Plaintiff's allegations against her do not form the basis for section 1983 liability and should be dismissed because they are based upon Scutt's position of authority and supervisory responsibility within the MDOC. Regarding Plaintiff's individual claim against Defendant Robinson, the Magistrate Judge found that Plaintiff failed to allege or show that Defendant Robinson was personally involved in any constitutional wrongdoing for purposes of section 1983 liability and recommends that Plaintiff's section 1983 claims against Robinson be dismissed. As to the remaining two Defendants, Hahn and Potter, the Magistrate Judge recommends that Plaintiff's allegations should be dismissed "to the extent Plaintiff purports to attach personal liability under section 1983 on verbal statements made by Defendants Potter and Hahn."

Addressing Plaintiff's First Amendment retaliation claim against Defendants Hahn and Potter, the Magistrate Judge states that, even "[a]ssuming . . . that Defendants Hahn and Potter were responsible for the decision to place Plaintiff on the 30 day conditionals and terminate his work assignment, there is little evidence to suggest that Defendants were motivated to do so because of Plaintiff's grievance activity." Because Plaintiff has "not alleged sufficient facts or presented evidence of causation sufficient to support a First Amendment retaliation claim against Defendants Hahn and Potter," the Magistrate Judge recommends that Plaintiff's First Amendment claim against these Defendants be dismissed. The Magistrate

5

Judge also recommends that Plaintiff's Eighth Amendment claim be dismissed because "[t]he type of conduct alleged by Plaintiff, . . . the termination of a prisoner from his prison job, does not rise to the level of an Eighth Amendment violation." Plaintiff stated claims pursuant to the Fourteenth Amendment against Defendants Hahn and Potter. The Magistrate Judge recommends that this Court dismiss all Plaintiff's Fourteenth Amendment claims because Plaintiff fails to establish an Equal Protection claim and fails to raise an actionable due process challenge.

Plaintiff next sought relief pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12132, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Civil Rights Act of 1964, 42 U.S.C. § 2000e. As to Plaintiff's ADA claim, the Magistrate Judge recommends that this Court dismiss Plaintiff's claim because Plaintiff "failed to establish that he is 'otherwise qualified' for a different work assignment in food service, or that he was excluded from other jobs solely because of his disability." Magistrate Majzoub recommends that this Court dismiss Plaintiff's Rehabilitation Act claim for this same reason. Additionally, because Plaintiff has "not set forth facts or evidence to show that Defendants were his employer or that he was subjected to unlawful discrimination," the Magistrate Judge recommends that this Court dismiss Plaintiff's Civil Rights Act claim.

6

Lastly, Plaintiff named John Does—which he described as "'all' other MDOC employees acting under color of state law in the same manner as those above"—as Defendants in this case. Over a year has passed since the filing of Plaintiff's complaint. Plaintiff has failed to request an extension of time to identify or effect service on the unnamed John Doe Defendants. As Magistrate Majzoub noted, service has not been effected on the unnamed Defendants and Plaintiff has not shown good cause to extend the time for service. The Magistrate Judge recommends that Plaintiff's claims against the unnamed Defendants be dismissed.

Neither Plaintiff nor any of the Defendants have filed an objection to the Magistrate Judge's recommendation. The Magistrate Judge's findings of fact and conclusions of law are well supported. The Court accepts the Magistrate Judge's findings of fact and conclusions of law in their entirety. Therefore, Defendants Motion to Dismiss, or in the Alternative, for Summary Judgment **[Docket No. 23]** is **GRANTED**. Defendants Heyns, Hahn, Scutt, Robinson, Potter, and the remaining unnamed John Does are dismissed from the complaint, with prejudice.

### B.    Plaintiff's Motion to Postpone Proceedings

On April 18, 2013, Plaintiff filed a Motion to Postpone the Proceedings until August 1, 2013. **[Docket No. 25]** The Magistrate Judge recommends that the Court deem this request moot as August 1, 2013, has long since passed and Plaintiff has been discharged from MDOC custody. The Court accepts the

Magistrate Judge's recommendation in its entirety and deems Plaintiff's Motion to Postpone Proceedings **DENIED AS MOOT**.

The Court notes that the Magistrate Judge also notified the parties of their right to "seek review of this Report and Recommendation" and reminded them of the timeline in which to do so. As previously stated, neither Plaintiff nor Defendants have filed any objections to the Magistrate Judge's November 26, 2013, Report and Recommendation.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment **[Docket No. 23, filed April 5, 2013]** is **GRANTED**. Defendants **Daniel Heyns, Debra Scutt, Dave Hahn, Kimmy Robinson, J. Potter**, and any unnamed **John Does** are **DISMISSED** from this action, **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Postpone the Proceedings **[Docket No. 25, filed April 18, 2013]** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

DATED: MAR 2 6 2014

DENISE PAGE HOOD
United States District Judge

8